**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **JOHN HORN** § | |
| § | |
| **V.** § | **A-14-CA-1140-LY** |
| § | |
| **WILLIAM STEPHENS, Director,** § | |
| **Texas Dept. of Criminal Justice-** § | |
| **Correctional Institutions Division** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's response thereto (Document 10). Petitioner has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas. Petitioner was charged with three counts of intoxication manslaughter, three counts of manslaughter, and two counts of aggravated assault with a deadly weapon. A jury found Petitioner guilty of the three intoxication manslaughter counts and the two counts of aggravated assault with a deadly weapon.

Petitioner was sentenced to twenty years in prison for each count, with the three intoxication manslaughter counts to be served consecutively and the two aggravated assault charges to be served concurrently.

On January 30, 2013, the Third Court of Appeals of Texas affirmed Petitioner's conviction and sentence. *Horn v. State*, No. 03-11-00407-CR, 2013 WL 491521 (Tex. App.—Austin Jan. 30, 2013). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Horn v. State*, No. PD-179-13 (Tex. Crim. App. June 12, 2013). Petitioner then challenged his conviction through a state application for a writ of habeas corpus. The trial court did not enter findings before forwarding the application to the Texas Court of Criminal Appeals. On November 5, 2014, the Texas Court of Criminal Appeals denied the application without written order. *Ex parte Horn*, No. 81,882-01 at cover.

**B.   Factual Background**

The facts leading to Petitioner's guilty verdict are straightforward. On the date in question, Petitioner drove his truck across the center line of a road and into a car driven by Russell Rutland. The collision killed Rutland and two of his children, and injured his two other children. At the time of the collision, Petitioner was under the influence of methamphetamine, and Petitioner's own medical expert conceded that, based on the level of methamphetamine in Petitioner's blood, he met the legal definition of intoxication. *Horn*, 2013 WL 491521, at *1.

**C.   Grounds for Relief**

Petitioner asserts his trial counsel was ineffective by:

1.   Failing to call a witness at trial who would have testified about Petitioner's intoxication the night of the accident; and

2.      Misinforming Petitioner that he was eligible for probation when he was not.

There is no dispute that Petitioner has exhausted his state court remedies regarding these claims.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, – U.S. –, 131 S. Ct. 770, 783–85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court

3

explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part claim was insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to

the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

### B.     Ineffective Assistance of Counsel

Petitioner argues that he was denied effective assistance of counsel on two bases. Petitioner raised these issues in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claims. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claims by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make

>both showings, it cannot be said that the conviction or death sentence resulted from
>a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686–89. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695–97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687.

Petitioner first asserts that his trial attorney was ineffective for failing to call witness Lacy Stegall[1] to testify at the trial. According to her affidavit, Stegall spoke with Petitioner sometime between 6:00 am and 8:00 am the day of the accident. Petitioner told Stegall he was tired, and Stegall instructed Petitioner to pull over his car. Eventually, Petitioner stopped responding. Stegall

---

[1] In his petition, Petitioner alternatively identifies this witness as "Lisa Steagall" and "Lacy Steagall." In an affidavit attached to the petition, the witness clarifies that her name is "Lacy Stegall," and the Court will refer to her accordingly.

later learned there had been an accident. Stegall says she "do[es] not believe drugs were in [Petitioner's] system that night" and does not "think anyone was doing drugs that night." Doc. 2 at 21. She also avers, however, that she "know[s] [Petitioner] wasn't high because no one had any drugs that night." *Id.*

Petitioner asserts that his attorney's failure to call Stegall as a witness amounts to deficient performance. He says Stegall's testimony, as described in her affidavit, would have supported his defense theory that he was drowsy, and not intoxicated, at the time of the accident. Typically, complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of witness testimony is essentially a matter of strategy and, thus, within the trial counsel's domain. *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). Counsel's decisions regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752–53 (5th Cir. 2003) (citations omitted). Furthermore, in order for a petitioner to show the requisite *Strickland* prejudice, the petitioner must show that the witness was available and willing to testify at trial and the witness's testimony would have been favorable. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

Petitioner has not shown that counsel's decision not to call Stegall constitutes deficient performance. Stegall's testimony that Petitioner did not have drugs in his system the night of the accident was of questionable merit, considering Petitioner's own expert had testified that Petitioner met the legal definition of intoxication based on the amount of methamphetamine in his blood. *Horn*, 2013 WL 491521, at *1. Stegall's affidavit also is internally inconsistent: She first says she

7

does not "think anyone was doing drugs that night," yet later avers that she "know[s] [Petitioner] wasn't high." Given the inconsistencies and weaknesses in Stegall's affidavit, Petitioner has failed to demonstrate that the state court's finding that Stegall's testimony would not have been favorable was unreasonable, nor can he show he was prejudiced by counsel's decision not to call Stegall. His conclusory allegation of prejudice is insufficient to raise a constitutional issue redressable in this proceeding. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

    2.    <u>Misinformation About Probation</u>

Petitioner next argues his attorney was ineffective because he was unaware until the penalty phase of the trial that Petitioner was ineligible for probation. Petitioner's strategy during plea negotiations and trial, he says, was premised on an attempt to receive a sentence of probation from the jury. Because probation was actually not an option, Petitioner asserts, no meaningful plea negotiations occurred. Petitioner says he "would have urged his attorney to actively engage in plea bargain negotiations for a shorter sentence," had he known he was ineligible for probation.

Petitioner attached an affidavit from his trial attorney. In that affidavit trial counsel avers that "the State was unwilling to propose, or consider, a plea offer on any of [the] cases pending against [Petitioner]." Doc. 2 at 24. The district attorney who prosecuted Petitioner also submitted an affidavit in which he swears the family of the victim in Petitioner's case was intent on Petitioner receiving the maximum sentence. Based on those wishes and the facts of the case, the district attorney decided not to offer a plea bargain of any kind and "would have rejected any proposal [from defense counsel] short of a maximum sentence." *Id.* at 25. Had defense counsel requested a plea involving "significant prison time," however, the district attorney says he would have "discussed the request with the victims' family members." *Id.*

8

Though it is concerning that counsel was unaware of his client's criminal history until late in the trial proceedings, Petitioner has not shown that counsel's lack of information prejudiced him. Petitioner says that if he had known probation was not an option, he would have urged his attorney to seek "a shorter sentence." But the district attorney testified he would have rejected any such request. And though the district attorney says he would have discussed an offer of "significant prison time" with the victim's family, the family was adamant that Petitioner receive the maximum sentence possible. Thus, there is no reason to believe that if the district attorney had been presented with an offer of "significant" prison time short of the maximum sentence, the State would have accepted it. Instead, the evidence suggests the district attorney was disinclined to accept a plea offer below the maximum sentence. Petitioner has therefore failed to carry his burden of demonstrating prejudice. See Lafler v. Cooper, – U.S. –, 132 S. Ct. 1376, 1385 (2012) (holding that for petitioner to show prejudice from ineffective assistance during plea negotiations, he must show, among other things, the conviction or sentence under the purported plea offer would have been less severe than the sentence actually imposed).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of July, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE